Southard J.
This was an action on the case, brought by *585 Marsh against Vantyl, for erecting and keeping up a mill-dam on the river Rahway, by means whereof the waters ■ of the river were flowed back upon the lands whereof said Marsh “ had a tenancy in fee-simple,” so that “ the grass, wood, timber, bushes, and shrubs, standing on the aforesaid tenancy of land, were corrupted, spoiled, and destroyed” so that the said Marsh “ lost the use, profit, and advantage of said tenancy of land,” &c.
The only reason assigned for the reversal of the judgment is, that the Court for the trial of Small Causes had not jurisdiction of the cause. And I think the objection well taken. This action is distinguishable from the ordinary action of trespass upon laud, by the tenant in actual possession. It may be maintained by the tenant in fee, who is out of the possession, on his right to the estate, and for the permanent injury to the freehold. In it, the plaintiff sets out his title as tenant in fee, and he must prove it as set out. He must shew what his title is. 2 Saun. 20(5-7. Even if the plaintiff here had not set out his title, in his state of demand or declaration, yet would he have been compelled to exhibit it on the trial. The injury lie complains of is not to the possession merely ; it is to the freehold; to the estate; and is altogether unlike the taking away or destroying fence, grass, &c. *The title here must come in question, and therefore the justice had not jurisdiction.
Kirkpatrick C. J.
I think this judgment must be reversed upon the ground that the justice had not jurisdiction of the subject matter. He had not jurisdiction. 1. Because the title to land necessarily came in question, and therefore he is restrained by the express provision of the statute. And 2. Because exercising a spfecial jurisdiction, created by statute, his mode of proceeding must be according to the rules prescribed by statute; he can neither vary from them nor go beyond them ; and having no power given to him to order a view of the land, which in cases of this kind, may be, and frequently is necessary, he is restrained by construction of law ; for it never can be intended that a citizen is to be deprived of his lawful *586 rights, or means of defence, without express words to take away.
Rossell J. concurred.
Judgment reversed.